IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00831-RBJ-MEH

ASHLEY YOUCHOFF,

    Plaintiff,

v.

IQ DATA INTERNATIONAL, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on plaintiff's motion for attorneys' fees [docket #25]. Defendant IQ Data International, Inc. filed a Response [#26], and plaintiff filed a reply [#27]. Neither party has requested a hearing.

**Facts and Procedural History**

On April 3, 2012 the plaintiff filed a complaint against IQ Data International, Inc. (IQ Data) alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* IQ Data was served on April 23, 2012. After filing an unopposed motion for an extension of time to file an answer, IQ Data answered the complaint on June 1, 2012. A scheduling conference was set for August 15, 2012, and in preparation, plaintiff submitted a proposed scheduling order on August 10, 2012. On September 5, 2012 the parties entered a stipulation for an extension of time to provide discovery requests. On two occasions plaintiff apparently made a settlement demand of $10,950. On September 19, 2012 the parties again asked for an extension of time, explaining that the parties were seeking "an amicable resolution"

to the matter.  On October 2, 2012 plaintiff notified this Court has she had accepted an offer of judgment for $1501.00.

Plaintiff submitted this motion for attorneys' fees and costs on October 17, 2012 without first complying with Local Rule 7.1A.  The fee petition requests fees for 37.6 hours worked by 10 lawyers, 6 paralegals, 4 legal assistants and 1 law clerk totaling $6756.00 plus an additional $425.00 in costs.

**Analysis**

Pursuant to 15 U.S.C. §1692k(a)(3), in a successful action by a plaintiff in an FDCPA case, the defendant debt collector is liable for "the costs of the action, together with a reasonable attorneys' fee as determined by the court."  To determine reasonable attorneys' fees, courts often begin by calculating the "lodestar" amount — the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).  Both the number of hours expended and the rate per hour charged must be reasonable.

In addition to the lodestar amount, Rule 1.5 of the Colorado Rules of Professional Conduct also offers guidance as to what is a reasonable fee.  This Rule requires consideration of (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) whether this engagement precluded other work; (3) the fee customarily charged in the community; (4) the amount involved and the result obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship; (7) the experience, reputation and ability of the lawyer; and (8) whether the fee is fixed or contingent.

Taking the rate issue first, plaintiff requests $335 per hour for six of the lawyers and $175 per hour for the other four lawyers. The party seeking the award bears the burden to show that the hourly rate is reasonable. *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996). Plaintiff's counsel argues that courts around the country have awarded fees of $335. Pl.'s Reply Br. 2. However, "[a] reasonable rate is the prevailing market rate in the relevant community." *Malloy,* 73 F.3d at 1018. Thus, it is less important what other communities have deemed a reasonable rate than what this community has deemed a reasonable rate. Courts in this district, including this Court, have on several occasions held that $250 is a reasonable rate in FDCPA cases. *See, e.g. Ellis v. Midland Credit Management , Inc.,* No. 11-Cv-2860-RBJ, 2012 WL 4356251 (D. Colo. Sept. 24, 2912); *Feder v. Midland Credit Mgmt., Inc.,* No. 11-cv-2872-JLK, 2012 WL 266417 (D. Colo. Jan. 30, 2012); *Fournier v. Midland Credit Mgmt., Inc.,* No. 11-cv-2802-WJM-MEH, 2012 WL 470468 (D. Colo. Feb. 13, 2012).

Plaintiff's counsel has not provided a convincing reason to increase that rate for this type of work which generally is not complex, involves similar demands and pleadings from case to case, and frequently, as here, resolves in an early settlement (but not as early a settlement in this case as might have been possible had plaintiff's initial demand been reasonable). Accordingly, the rate for the attorneys who charged $335 per hour is reduced to $250. The rate for the more junior attorneys who were billed at $175 is left unchanged. The Court takes no issue with the rate billed for "paralegals" and "legal assistants."

Next the Court must determine how many hours were reasonable to expend on this lawsuit. To begin with, six paralegals (at $135 an hour) and four "legal assistants" (at $100 per hour) recorded time on this case. Paralegals and legal assistants are professionals who can and often do perform high-level work that otherwise would have been done by an attorney at a higher

billing rate. In this type of case a paralegal or legal assistant are likely capable of performing a substantial majority of the work required.

However, it makes no sense to me that 10 different paralegals/legal assistants recorded time to this simple file (three of those recorded nominal time that was excluded from the fee calculation). Nor is it reasonable to bill for time at paralegal or legal assistant rates for purely clerical work. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* No. 09-cv-00717, 2011 WL 3568165, at *8 (D. Colo. Aug. 16, 2011). The fees requested here include numerous entries for saving documents to the correct files, scheduling a status conference (.9 hours), and many, many emails. It is counsel's choice whether to assign essentially clerical work to paralegals and legal assistants, but it is not reasonable to expect the defendant to pay for that time at paralegal or legal assistant rates. After carefully going through the time logs, this Court finds that none of the time logged by legal assistants is reasonably billable at $100 per hour, and that only 3.3 of the hours recorded by paralegals were reasonably billed at $135 per hour. Thus, of the 15.1 hours recorded, the Court orders the defendant to pay for 3.3 hours at the billed rate of $135 per hour for a total of $445.50.

The 10 attorneys recorded 19.9 hours of time to this file in addition to the 15.1 hours recorded by the paralegals and legal assistants – this, mind you, in a case where plaintiff accepted an offer of judgment for $1,501. Because counsel is only entitled to *reasonable* attorneys' fees, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In her reply[#27] brief plaintiff argues that the time entries "demonstrate billing discretion and efficiency." I disagree. Instead, the Court finds that there were numerous entries that were excessive, redundant, or otherwise unnecessary. For example,

on two different occasions counsel billed for confirming the status of the lender via a DB/Web search. Although a paralegal had already billed for researching the local rules and court specific guidelines, an attorney billed for the same research three weeks later. Another attorney apparently spent 2.5 hours listening to and transcribing recordings. There are multiple entries where an attorney reviewed the file and concluded there were no new facts, parties, or work to be done. After going through the billing, I find, generously in my view, that the attorneys recorded 10.4 hours that were reasonably expended on this case. Of those hours, 6.7 were billed at the higher rate — set by this Court at $250.00 — and the remaining 3.7 hours were billed at the lower attorney rate of $175.00 per hour for a total of $2322.50.

Finally, plaintiff's counsel billed 2.3 hours of law clerk time and .3 hours of attorney time to draft this fee petition. A prevailing party can collect fees for the time expended in drafting a fee petition. *Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594, 597 (D. Colo. 2012). However, like all other hours billed, this time must be reasonable. A request for 2.6 hours for a fee petition is not per se unreasonable. But, in this case it is unreasonable. Plaintiff's counsel was not starting from scratch to put together this fee petition. The same lawyer submitted a nearly identical fee petition in this district a mere five days before submitting this petition. *Lockmon v. Thomas F. Farrell, P.C.,* No. 12-cv-02319, 2012 WL 6590426 (D. Colo. Dec. 18, 2012) [docket #11]. Further, much of the work on this petition could likely have been avoided if plaintiff's counsel had requested more reasonable fees. Accordingly, this time is cut to one hour of law clerk work at $135 per hour and .2 of an hour of attorney work at $250.00 per hour.

Litigation under the FDCPA has an important purpose. Despite the existence of this statute and the many, many cases that have been brought under it, debt collection abuse continues to occur. Paying settlements or judgments is not just the cost of doing this business.

Real people are at the other end of the phone call, and real harm can be inflicted on them. I also realize that it might be quite difficult to persuade competent counsel to accept representation of victims of debt collection abuse if they could not obtain a reasonable fee award upon successfully concluding the case.

By the same token, it is never appropriate to record unnecessary and unreasonable amounts of time to a case. At some point the laudable purpose of the FDCPA is left behind, and the case becomes litigation for the sake of the lawyers. In my view, that occurred here, the result being a fee request of more than four times the amount of the settlement where there is no reasonable justification for that on the facts presented.

**Order**

The Motion for Attorneys' Fees [#25] is GRANTED in part. The Court awards attorneys' fees to plaintiff's counsel in the amount of $2952.50. Costs are awarded in the amount of $425.00.

DATED this 30th day of May, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge